### SCHOENFIELD & HUNTER et al. v. BURDEN et al.

No. 23850. Opinion Filed Jan. 31, 1933.

### UNION GRADED SCHOOL DIST. No. 106 v. INDEPENDENT CONSOLIDATED SCHOOL DIST. No. 6.

No. 23947. Opinion Filed Jan. 31, 1933.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

M. J. Parmenter and Leo J. Williams, for respondents.

BUSBY, J. This is an original action to review an order and award of the State Industrial Commission, dated June 22, 1932, in favor of the respondent Edward W. Burden. The claimant, Edward W. Burden, was injured on March 11, 1930, by being jerked some 15 or 20 feet up into a derrick while he was working in the employ of Schoenfield & Hunter, drilling contractors. At the time of the accident he was running pipe on a drilling well and had what is known as a life line around his body to keep him from falling. The driller started the machinery and the claimant's life belt caught in the elevator causing the accident complained of. He was treated by a Dr. Nunnery for a day or two. Dr. Nunnery did not consider his injuries at all serious. A few days after his injury he was stricken with "jakeitis" and was about nine months recovering from this. Report to the Industrial Commission of claimant's accident was made by his employers on April 29, 1930. Burden filed his claim for compensation on September 25, 1930, but apparently did not press the matter because the first hearing was not had until April 26, 1932. In the meantime he had been traveling over the country with a carnival and doing other odd jobs. On June 22, 1932, the State Industrial Commission made the following findings of fact:

"(1) That on the 11th day of March, 1930, the claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment; the nature of said injury being a severe back injury when he was jerked up in a derrick.

"(2) That the average daily wage of the claimant at the time of said accidental injury was $8 per day.

"(3) That respondent had actual notice of said injury; therefore, was not prejudiced by failure to give notice.

"(4) That claimant lost no time from his work by reason of said injury beyond the five days' waiting period.

"(5) That as a result of said accidental injury claimant is permanently partially disabled from performing manual labor and his wage-earning capacity has decreased from $8 to $5 per day by reason of his permanent partial disability.

"(6) That by reason of claimant's permanent partial disability as aforesaid, claimant is entitled to 66⅔ per centum of the difference between his average daily wages, at the time of the accidental injury, and his wage-earning capacity thereafter, in the sum of $3 per day, payable during the continuance of such permanent partial disability not to exceed 300 weeks."

The only issue presented in this case is whether or not there is evidence reasonably tending to support the findings of the Commission that the disability of the claimant was due to the injury received while in the employ of Schoenfield & Hunter. Several doctors testified that the claimant did have permanent back injuries at the time of the trial before the Commission. There was no evidence to show that this injury was caused either by the "jakeitis" or from any other injury received between the time claimant was hurt while working for Schoenfield & Hunter and the time of the trial. The claimant after recovering from "jakeitis" had been traveling with a circus or carnival. There is no evidence that he was injured in this latter employment. The evidence of the various doctors who testified reasonably tends to support the findings of the Commission that the claimant's disability was due to his injury while working on the derrick, at least, since there is an absence of any evidence that he was ever injured at any other place prior to his trial. He weathered a nine months spell of "jakeitis," wandered around over the country doing odd jobs, waiting nearly two years before pressing his claim. The surrounding circumstances under which claimant seeks to recover are strange, and, to say the least, suspicious. But all the affirmative evidence shows that claimant had an accident while in the employ of Schoenfield & Hunter; the weight of evidence tended to prove he was suffering from a permanent partial disability at the time of the trial before the Industrial Commission. There was an absence of any evidence that the injury complained of occurred at any time other than while claimant was in the employ of Schoenfield & Hunter, or that it was caused by "jakeitis."

This court is committed to the doctrine that the Industrial Commission is the finder of facts, and that a finding of fact will not be disturbed upon appeal where evidence reasonably tends to support such finding. We are unable to say that there is not sufficient evidence to sustain the

findings of the Industrial Commission, and for that reason the award will be affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, and WELCH, JJ., concur. McNEILL and ANDREWS, JJ., absent.